```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10   STEVEN V. JOHNSON,              )  Case No. CV 10-7320-PJW
                                     )
11                 Plaintiff,        )
                                     )  MEMORANDUM OPINION AND ORDER
12         v.                        )
                                     )
13   MICHAEL J. ASTRUE,              )
     COMMISSIONER OF THE             )
14   SOCIAL SECURITY ADMINISTRATION, )
                                     )
15                 Defendant.        )
                                     )
16
```

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB"). He claims that the Administrative Law Judge ("ALJ") erred when he found that Plaintiff was not credible and did not have a severe impairment and when he rejected the treating doctor's opinion that Plaintiff was disabled. For the reasons discussed below, the Agency's decision is reversed and the case is remanded for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In 2008, Plaintiff applied for DIB, alleging that he was disabled as of April 1, 2001, due to anxiety and pain in his back, hips, neck,

and shoulders.  (Administrative Record ("AR") 103-04, 111, 115.)  The Agency denied the application initially and on reconsideration.  Plaintiff then requested and was granted a hearing before an ALJ.  Plaintiff appeared with counsel and testified at the hearing on January 22, 2010.  (AR 19-40.)  At the outset, following an off-the-record discussion with the ALJ, Plaintiff amended his alleged onset date from April 2, 2001 to November 30, 2006, giving him only a 31-day window to establish disability since his date last insured was December 31, 2006.  (AR 19.)  The ALJ subsequently issued a decision denying benefits.  (AR 8-14.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-3.)  He then commenced this action.[1]

### III.  ANALYSIS

A.   <u>The Credibility Finding</u>

The essence of Plaintiff's testimony was that he was unable to work due to pain.  (AR 24-35, 123-30.)  The ALJ found that testimony not credible.  (AR 13.)  Plaintiff argues that the ALJ erred in doing so.  (Joint Stip. at 30-34, 37-38.)  For the reasons explained below, the Court agrees.

ALJs are tasked with judging the credibility of witnesses.  Where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, an ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons.  *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).  In making a

---

[1] It is not clear why Plaintiff amended the alleged onset date.  It is possible that it was due to the fact that he had worked between 2001 and 2006, but the reason for the amendment was never explained.

credibility determination, the ALJ may take into account ordinary credibility evaluation techniques. *Id.* at 1284.

The ALJ cited several reasons for questioning Plaintiff's credibility. (AR 13.) He noted that the medical records from November 30, 2006, to December 31, 2006--the amended alleged onset date to the date last insured--did not show any "significant work-related limitations [] or significant medical treatment." (AR 13.) Generally speaking, the fact that the medical records do not support a claimant's testimony is a legitimate reason for discounting the testimony. *See Carmickle v. Comm'r, Soc. Sec.,* 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). And, clearly, there are no medical records from December 2006, the one-month period the ALJ focused on in rejecting Plaintiff's testimony. But the ALJ's approach was too myopic. He should have expanded his sights to the period before and after December 2006 to determine if Plaintiff was telling the truth and whether he was, in fact, impaired. *See Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (citing *Smith v. Bowen*, 849 F.2d 1222, 1224 (9th Cir. 1988)) (holding medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition). On remand, the ALJ should consider the records before and after December 2006 in evaluating whether Plaintiff's testimony is truthful.

A second reason relied on by the ALJ for rejecting Plaintiff's testimony was that Plaintiff was able to perform household chores, like laundry and housework, which the ALJ found was inconsistent with his testimony that he was, practically speaking, incapacitated. (AR

13.)  This is a legitimate reason for questioning a claimant's testimony, *Smolen,* 80 F.3d at 1284, but it is not supported by substantial evidence in the record and is not a convincing reason for questioning Plaintiff's testimony in this case.  Though Plaintiff did testify that on "good" days he could do a little housework, like pick up items of clothing one at a time and carry them to the washing machine, he explained that he only had a few good days a month.  (AR 28, 30-32.)  He testified that on not-so-good days--which comprised about two weeks a month--he was not even able to get out of bed in the morning.  (AR 30-32.)  The ALJ failed to consider this testimony.  This was improper.  An ALJ cannot selectively parse the testimony, taking snippets out of context that support his view and ignoring others that do not.  *See Regennitter v. Comm'r*, 166 F.3d 1294, 1297 (9th Cir. 1999) (holding "inaccurate characterization of the evidence" constitutes error); *Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984).  On remand, the ALJ should consider all of Plaintiff's testimony in determining whether he is credible.

The ALJ also relied on the fact that Plaintiff had failed to follow his doctor's advice and obtain physical therapy to help relieve his symptoms.  (AR 13.)  This is a valid reason for questioning Plaintiff's sincerity, *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding unexplained failure to follow prescribed course of treatment can undermine claimant's pain testimony), and is supported by the record.  In September 2006, two-and-a-half months before Plaintiff's alleged onset date, Plaintiff's treating doctor recommended that he obtain physical therapy.  (AR 336.)  But it appears that Plaintiff failed to follow that advice for almost a year.  (AR 332-36.)  Though Plaintiff argues that it is not clear from the

record when he actually started physical therapy (Joint Stip. at 33), it was Plaintiff's job to make it clear. His failure to do so is controlling here.

The Court has considered whether Plaintiff's failure to obtain physical therapy, standing alone, is enough to support the ALJ's credibility finding, *see Carmickle,* 533 F.3d at 1162-63 (explaining ALJ's reliance on invalid reason to question claimant's testimony is harmless error if other, valid reasons for questioning credibility amount to substantial evidence), and concludes that it is not. It is not clear to the Court that the ALJ would have discounted Plaintiff's entire testimony for this reason alone. Further, Plaintiff seems to argue that the record may not be complete and that physical therapy records may exist to contradict the ALJ's finding in this regard. For these reasons, remand is required to allow Plaintiff to supplement the record and to allow the ALJ to reconsider the credibility issue.

B.   The Treating Doctor's Opinion

The ALJ rejected treating doctor Brooks Michaels' opinion that Plaintiff was disabled. Plaintiff alleges that the ALJ erred in doing so. For the following reasons, the Court agrees, in part.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'" (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))). For this reason, a treating doctor's opinion that is well-supported and consistent with other substantial evidence in the record will be given

controlling weight. *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). An ALJ may, however, reject the opinion of a treating doctor that is contradicted by another doctor's opinion for "'specific and legitimate reasons' supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ found that Dr. Michaels' opinion--which was dated January 21, 2010, and referenced Plaintiff's then-current condition--was not relevant to the 31-day window from November 30, 2006 to December 31, 2006, in which Plaintiff claimed disability. (AR 11-12.) For this reason, he rejected the opinion. The ALJ erred in doing so. Though Dr. Michaels focused mostly on Plaintiff's current condition in January 2010, he also explained that Plaintiff was seriously injured in 2001 and that since 2004 his condition had significantly worsened. (AR 419.) Thus, Dr. Michaels' opinion sheds some, albeit minimal, light on Plaintiff's condition in December 2006 and should not have been rejected outright for that reason alone. Further, as discussed above, the ALJ should not have limited his analysis to the (non-existent) records from the 31-day window at issue but should have considered all of Dr. Michaels' records as well as his overall opinion in determining whether to accept it. *See Sampson*, 103 F.3d at 922.

The ALJ also rejected Dr. Michaels' opinion that Plaintiff was disabled because he found that disability was a decision left to the ALJ, not Dr. Michaels. (AR 12.) The Court agrees. Disability determinations are the exclusive province of ALJs. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (noting treating physician's opinion that claimant is disabled is not binding on the ALJ); Social Security Ruling 96-5p (explaining doctors'

opinions regarding ultimate issue of disability "can never be entitled to controlling weight or given special significance"). As such, the ALJ was not required to accept Dr. Michaels' opinion that Plaintiff was disabled and did not err when he rejected that portion of the opinion.

C. <u>The Step-Two Finding</u>

The ALJ found that Plaintiff did not have a severe impairment at step two. In light of the Court's rulings herein, on remand the ALJ should reconsider this issue after addressing Plaintiff's credibility and Dr. Michaels' opinion and considering the other medical records before and after December 2006.

D. <u>The Scope of Remand</u>

Plaintiff has requested that the Court credit Plaintiff's testimony and Dr. Michaels' opinion and remand the case for an award of benefits. That request is denied. Though the Court has the authority to grant such relief, this case does not warrant it. Despite the fact that the Court has focused its criticisms on the ALJ, there is certainly enough blame to go around. Without explanation, at least to this Court, Plaintiff amended his application to provide for a mere 31-day window to qualify for disability benefits, a period for which there was not a single medical record in the file. Further, Plaintiff never testified to his condition during this period. His testimony focused mostly on how he felt in January 2010, when he testified at the administrative hearing. (AR 24-35.) Thus, there is scant evidence in this record for anyone to determine what Plaintiff's condition was in December 2006. Nor does Dr. Michaels' seemingly made-to-order disability opinion, rendered the day before the administrative hearing, shed much light on the issue of Plaintiff's

1  condition in December 2006.  As a result, it is almost as if the ALJ's
2  errors here fall within the harmless error range because, arguably,
3  Plaintiff has failed to establish his disability.  *See Stout v.*
4  *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (holding
5  error that does not affect ultimate disability determination is
6  harmless).  The Court will, however, remand the case for further
7  proceedings to allow the record to be developed consistent with this
8  opinion.

## IV.  CONCLUSION

10     For the reasons set forth above, the Agency's decision is
11 reversed and the case is remanded for further proceedings.
12     IT IS SO ORDERED.
13     DATED:  December 23, 2011.

*/s/ Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Soc Sec\JOHNSON, S 7320\MEMORANDUM OPINION AND ORDER.WPD